UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **DAVID VAN ELZEN,** individually and on behalf of all others similarly situated,<br><br>     *Plaintiff,*<br><br>*v.*<br><br>**AMERICAN HOME SHIELD CORPORATION**, a Delaware registered corporation,<br><br>     *Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff David Van Elzen ("Plaintiff Van Elzen" or "Van Elzen") brings this Class Action Complaint and Demand for Jury Trial against Defendant American Home Shield Corporation ("Defendant" or "AHS") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by sending unsolicited text messages to phone numbers that are registered on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Van Elzen, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### PARTIES

1. Plaintiff Van Elzen is a resident of Menasha, Wisconsin.

2. Defendant AHS is a Delaware registered corporation headquartered in Memphis, Tennessee. Defendant AHS conducts business throughout this District and throughout the US.

## JURISDICTION AND VENUE

3.     This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4.     This Court has personal jurisdiction over the Defendant because the Defendant does business in this District and makes calls into this District.

5.     Venue is proper in this District under 28 U.S.C. § 1391(b) because the Plaintiff resides in this District and the wrongful conduct giving rise to this case was directed by Defendant into this District.

## INTRODUCTION

6.     As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7.     When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8.     By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9.     The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

2

10. According to online robocall tracking service "YouMail," 4.5 billion robocalls were placed in August of 2024 alone, at a rate of 144.8 million per day. www.robocallindex.com (last visited September 16, 2024).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

14. Defendant American Home Shield Corporation sells home warranty solutions to consumers throughout the U.S.[3]

15. Defendant AHS sends solicitation text messages to consumers to solicit its home warranty products.

16. AHS also places telemarketing calls and text messages to phone numbers that are registered on the DNC, as per Plaintiff's experience.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/american-home-shield/about/

17.     Consumers have posted complaints online about unsolicited telemarketing calls they received from Defendant AHS, including complaints from consumers who received multiple unwanted calls, including:

- "Someone from this number calls me several times a day. I am on the Do Not Call List and recently have had to download an App, Active Amour to block this caller. Any assistance to get this company from calling my number will be greatly appreciated."[4]
- "Calls are persistent and multiple times daily."[5]
- "Why is a 'America Home Shield' making unsolicited calls to me, thereby violating the Do-Not-Call Registry U.S. laws…"[6]
- "American Home Shield. i rent"[7]
- "stop calling"[8]
- "nuisances"[9]
- "timewasters of America"[10]
- "Unsolicited call"[11]
- "WON'T STOP CALLING"[12]
- "Unsolicited Peddler… ????????"[13]

18.     In response to these calls, Plaintiff Van Elzen brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

**PLAINTIFF VAN ELZEN'S ALLEGATIONS**

---

[4] https://www.callercenter.com/877-823-5399
[5] https://lookup.robokiller.com/p/888-857-8087
[6] Id.
[7] https://www.shouldianswer.com/phone-number/8007764663
[8] Id.
[9] Id.
[10] Id.
[11] https://www.shouldianswer.com/phone-number/8888578087
[12] Id.
[13] https://www.shouldianswer.com/phone-number/8002474749

4

19. Plaintiff Van Elzen registered his cell phone number on the DNC on June 10, 2011.

20. Plaintiff Van Elzen is the sole owner and user of his phone number ending in 3152.

21. Plaintiff Van Elzen uses his cell phone primarily for personal use, which is to communicate with friends and family, as well as to schedule necessary appointments.

22. Plaintiff Van Elzen does not advertise his cell phone number in a public forum to generate business.

23. Plaintiff Van Elzen pays for his cell phone number personally. It is not reimbursed by a business.

24. On August 24, 2024 at 7:00 AM, Plaintiff Van Elzen received an unsolicited text message to his cell phone from 872-266-2986:



25. The text message specifically states that it was sent by American Home Shield.

26. The text message addresses Plaintiff as Davidvanelzan@yahoo.com.

27.     Plaintiff does not own, use or have access to Davidvanelzan@yahoo.com.

28.     In addition, Plaintiff has never spelled his last name as Van Elzan or Vanelzan.

29.     The text message references an alleged request for information about home warranties. Plaintiff Van Elzen did not request information about any home warranties.

30.     On August 27, 2024 at 9:07 AM, Plaintiff Van Elzen received a 2nd unsolicited text message from 872-266-2986:



31.     On August 28, 2024 at 9:01 AM, Plaintiff Van Elzen received a 3rd unsolicited text message from 872-266-2986:



32.     On August 29, 2024 at 9:03 AM, Plaintiff Van Elzen received a 4th unsolicited text message from 872-266-2986:

6



33.    This text message asks Plaintiff to call 844-604-1900.

34.    When 844-604-1900 is called, an automated system identifies the company name American Home Shield.[14]

35.    The link in the text forwards to https://shopping.ahs.com/plans?pc=SMS100&utm_source=SMS_&utm_medium=Nurture_&utm _campaign=Nurture_Test_100.

36.    The domain ahspro.co forwards to https://pro.frontdoor.com, a website owned by the parent company of American Home Shield.[15]

37.    Plaintiff's attorneys sent a demand for consent to AHS on August 28, 2024 but a response was not received.

38.    Plaintiff Van Elzen has never done business with AHS.

39.    Plaintiff Van Elzen was not looking to get more information about home warranties.

---

[14] Based on an investigation conducted by Plaintiff's attorneys
[15] https://www.frontdoorhome.com/brands/

40.     The unauthorized solicitation text messages that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Van Elzen in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

41.     Seeking redress for these injuries, Plaintiff Van Elzen, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

42.     Plaintiff Van Elzen brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **<u>Do Not Call Registry Class:</u>** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant AHS texted more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant texted Plaintiff.

43.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Van Elzen anticipates the need to amend the Class definition following appropriate discovery.

44.     **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

45.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a)     whether Defendant AHS sent multiple text messages within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;

(b)     whether the texts constitute a violation of the TCPA;

(c)     whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

46.     **Adequate Representation**: Plaintiff Van Elzen will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Van Elzen has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Van Elzen and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Van Elzen nor his counsel have any interest adverse to the Class.

47.     **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as

wholes, not on facts or law applicable only to Plaintiff Van Elzen. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

<u>**FIRST CLAIM FOR RELIEF**</u>
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Van Elzen and the Do Not Call Registry Class)**

48.     Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

49.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

50.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

51.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Van Elzen and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is

10

maintained by the federal government.

52.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Van Elzen and the Do Not Call Registry Class received more than one text message in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

53.     As a result of Defendant's conduct as alleged herein, Plaintiff Van Elzen and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

54.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a)   An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b)   An award of money damages and costs;

c)   An order declaring that Defendant's actions, as set out above, violate the TCPA;

d)   An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e)   Such further and other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff Van Elzen requests a jury trial.

**DAVID VAN ELZEN**, individually and on behalf of all others similarly situated,

DATED this 22nd day of September, 2024.

By: /s/ Stefan Coleman

Stefan Coleman
COLEMAN PLLC
18117 Biscayne Blvd
Suite 4152
Miami, FL 33160
(877) 333-9427
law@stefancoleman.com

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Class*